NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDUARDO AVILES-CONTRERAS,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-1425

Agency No.
A205-464-490

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2026[**]
San Francisco, California

Before: N.R. SMITH, NGUYEN, and SANCHEZ, Circuit Judges.

Eduardo Aviles-Contreras, a native and citizen of Mexico, petitions for

review of the decision by the Board of Immigration Appeals ("BIA") dismissing

his appeal from the decision of the Immigration Judge ("IJ") denying his

application for cancellation of removal. Aviles-Contreras also petitions for review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of the denial of his motion to remand by the BIA.

We review the BIA's decision where the BIA conducts its own review of the evidence and law, except to the extent the BIA expressly adopts the IJ's opinion. *Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013). To the extent the BIA incorporates the IJ's decision as its own, we treat the IJ's statement of reasons as that of the BIA and review the decision by the IJ. *Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir. 2008). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. We review for substantial evidence the BIA's determination that a petitioner has failed to show that his removal will result in exceptional and extremely unusual hardship. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1005 (9th Cir. 2025). Under this standard, we must uphold the BIA's determination that the facts (as found by the Agency) do not establish the requisite hardship "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* at 1002 (quoting 8 U.S.C. § 1252(b)(4)(B)). However, we do not "have jurisdiction over the IJ's finding of 'facts underlying any determination on cancellation of removal,' which 'remain unreviewable.'" *Id.* at 1000 n.2 (quoting *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024)).

Substantial evidence supports the BIA's determination that Aviles-Contreras failed to show extreme and unusual hardship, as required to qualify for cancellation

of removal. 8 U.S.C. § 1229b(b)(1)(D). The record showed only that the hardship Aviles-Contreras demonstrated was that which is expected when a close family member is removed. *See Gonzalez-Juarez*, 137 F.4th at 1005–08. While Aviles-Contreras presented evidence that his qualifying relatives may suffer emotional and financial hardship upon his removal, the record does not compel the conclusion that such hardship meets the exceptional and extremely unusual hardship requirement. *Id.* at 999. Given the Agency's factual findings, substantial evidence supports the conclusion that Aviles-Contreras failed to demonstrate the requisite hardship for cancellation of removal.[1]

2. We review the denial of a motion to remand for abuse of discretion. *Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 759 (9th Cir. 2023). Under this standard, the BIA abuses its discretion when it acts "arbitrarily, irrationally, or contrary to law." *Id.* (internal quotation marks omitted). The BIA can deny a motion to remand when a petitioner fails to "establish a prima facie case for the relief sought." *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023) (internal quotation marks omitted); *see Coria v. Garland*, 114 F.4th 994, 1001 (9th Cir. 2024). Prima facie eligibility means "a reasonable likelihood that the

---

[1] Aviles-Contreras disputes the weight given to certain evidence and factual findings underlying the Agency's hardship determination. Because we lack jurisdiction to review such factual findings, our review is limited to whether the facts, as found by the Agency, satisfy the statutory eligibility standard. *See Wilkinson*, 601 U.S. at 225.

petitioner would prevail on the merits" if the motion were granted. *Fonseca-Fonseca*, 76 F.4th at 1179.

The BIA did not abuse its discretion in denying Aviles-Contreras's motion to remand because he failed to show a reasonable likelihood of success on the merits. Given that Aviles-Contreras's children will not accompany him to Mexico upon his removal, the BIA acted rationally in determining that he had not demonstrated how evidence of deteriorating conditions in Mexico demonstrates exceptional and extremely unusual hardship to his qualifying relatives in the United States. Additionally, because the BIA considered all newly proffered evidence in denying Aviles-Contreras's appeal, it cannot reasonably be said that the BIA disregarded the evidence in denying remand so as to abuse its discretion.

3. We review due process claims de novo. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). Due process requires that the Agency "review all relevant evidence." *See Larita-Martinez v. INS,* 220 F.3d 1092, 1095 (9th Cir. 2000). Aviles-Contreras argues that the BIA violated his due process rights primarily because it failed to consider all relevant evidence.

We presume that the Agency reviewed all the evidence in the record, even if the IJ and BIA do not explicitly mention all evidence. *Id.* at 1095–96; *see also Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (rejecting claim that petitioner's due process right was violated by the BIA's failure to discuss new

evidence), *overruled on other grounds by Lemus-Escobar v. Bondi*, 158 F.4th 944, 965 (9th Cir. 2025). Aviles-Contreras fails to present any basis to rebut the presumption; nor does the record support such a conclusion. Accordingly, Aviles-Contreras's due process claim fails.

**PETITION FOR REVIEW DENIED**.[2]

---

[2] The motion for a stay of removal, Dkt. No. 10, is denied. The temporary stay of removal is lifted.